H. E. BURTISS v. THE LANYON ZINC COMPANY, *a Corporation*, AND H. M. BURTISS.

**No. 13,521.**   ( 75 Pac. 1030.)

Error from Allen district court; L. STILLWELL, judge. Opinion filed March 12, 1904.   Affirmed.

*W. A. Choguill*, and *Chris Ritter*, for plaintiff in error; *B. E. Clifford*, and *C. J. Peterson*, of counsel.

*Campbell & Goshorn*, *C. E. Benton*, and *J. B. F. Cates*, for the Lanyon Zinc Company.

*Per Curiam:* This action was brought by H. E. Burtiss to cancel a certain oil and gas lease on her lands, to which her name was signed by her husband without her consent or authority. The lease was given to George A. Bowlus & Co., and assigned to the Lanyon Zinc Company. Judgment was for defendant company. Plaintiff prosecutes error.

Plaintiff stated in her petition that she was the owner of the land in question ; that her husband signed her name to the lease without her knowledge or consent; that she had no information that such lease had been given until within a short time before the commencement of this action, and she asked that it be canceled.

At the request of the defendant, the court ordered that H. M. Burtiss, plaintiff's husband, be made a party defendant. H. M. Burtiss alleged in his answer that he signed the lease at the request of one D. B. D. Smeltzer, as the agent of George A. Bowlus & Co.; that he informed Smeltzer that the land belonged to his wife, who was absent from the state and would not return for several weeks, and that he had no authority to sign the lease; that Smeltzer insisted that he should sign the lease for himself and wife ; that it would be used only to induce others to execute leases by showing the lease for the Burtiss tract, and that he would hold the lease until Mrs. Burtiss returned, and if she would not then consent to the lease it would be returned.

The Lanyon Zinc Company, answering both the pleadings of the plaintiff and her husband, alleged that the property actually belonged to H. M. Burtiss; that the title was conveyed to his wife for the purpose and with the intent to hinder, delay and defraud the creditors of H. M. Burtiss; that the lease was made by the authority of H.

E. Burtiss, and that the lessee agreed to deposit in the bank for the benefit of H. M. Burtiss and wife the sum of fifty dollars per annum, as annual rentals for such land for a period not to exceed ten years, unless in the meantime they prospected this land for oil and gas; that it had made such deposit each year, and that the money had been drawn out and used by H. M. Burtiss and wife, with full knowledge of the transaction.

The first error of which complaint is made is the order of the court making H. M. Burtiss a party defendant. It does not appear from the record that any objection was made by plaintiff to this order, or that objection was made to the order requiring him to answer as a defendant.

The second alleged error is in the admission of testimony offered by defendant company. A considerable portion of the evidence to which the plaintiff now objects was not objected to when given. Objections were, however, made to the introduction of certain receipts to which the name of H. E. Burtiss was signed by H. M. Burtiss, to a lease signed by both of them and by Maggie A. Fish, their daughter, of land, the title to which was in their daughter, and also to certain judgments against H. M. Burtiss, all tending to show the insolvency of Burtiss, and that prior to the rendition of such judgments these parties had shifted the title to these lands, including the land in question. This evidence, though weak, was admissible for that purpose, and should be given such weight as the court might think proper.

These are the only errors of law of which complaint is made. There was considerable contradictory evidence on the questions as to who was the actual owner of the land at the time the lease was made, and whether H. M. Burtiss had authority from his wife to sign her name to this lease, and also whether the plaintiff did not know all about this lease immediately after it was made, and received the annual rentals deposited by the lessee in the bank.

The cause was tried without a jury, and this evidence was all considered by the court in its final determination of these questions, upon which the court found generally that the allegations of the answer of the defendant company were true, and rendered judgment thereon for it.

No error of law appearing, and the court having found the facts for the defendant, the judgment must be affirmed.